IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-00138-WYD-BNB

SIREINO JOE MARTINEZ,

Plaintiff,

v.

JOE ORTIZ, Executive Director, Colorado Department of Corrections,
GARY GOLDER, Warden, Sterling Correctional Facility,
MARY COX, (Major) Religious Programs Coordinator, Sterling Correctional Facility,
FRANK SIPES, Lieutenant (security officer), Sterling Correctional Facility,
MARY DISCHNER, Lieutenant (Security Officer), Sterling Correctional Facility,
SUE GRISENTI, (CIPS), Colorado Inmate Phone System Coordinator, and
CONNIE WILLYARD, (CIPS) Colorado Inmate Phone System Operator,

Defendants.
_____

**ORDER**
_____

This matter is before me on the defendants' Response to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (the "Response"), filed August 2, 2005. For the following reasons, the Response is STRICKEN, and the defendants are directed to file a response that properly addresses the substantive issues in this matter.

The plaintiff currently is incarcerated by the Colorado Department of Corrections ("DOC") at the Sterling Correctional Facility. On July 13, 2005, the plaintiff filed a Motion for Temporary Restraining Order and a Preliminary Injunction (the "Motion"). He claims that the DOC is violating his rights by allowing non-Lakota Native Americans to participate in Sweatlodge ceremonies. He seeks injunctive relief in the form of "requiring the defendants to "STOP" all performances and participation of Sweatlodge / Pipe ceremonies in all correctional

facilities under the control and supervision of the Executive Director . . . per the letter of Chief Arvol Looking Horse "Protection of Ceremonies" of 6-25-03, until the final disposition of the case and until a qualified spiritual leader or medicine man of the Ogalala Lakota Nation can be consulted . . . ." *Motion*, p. 5.

To obtain a preliminary injunction under Rule 65(a), the plaintiff must show that (1) he will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood that the moving party will eventually prevail on the merits. Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir.1980).

The defendants' Response does not provide any meaningful discussion regarding these requisites. To the contrary, the Response provides a one page "argument" composed of conclusory statements that the plaintiff is not entitled to relief. For example, the defendants provide the following "argument" regarding (1) whether the plaintiff has any likelihood of succeeding on his claim for violation of his First Amendment rights to free exercise of religion, and (2) whether the plaintiff will suffer irreparable harm if injunctive relief is not granted:

> Plaintiff's request for injunctive relief has no bearing on the merits of the claims brought in this action[1] nor can he demonstrate any substantial likelihood of success on the merits of his claims. Outside his conclusory assertions, Plaintiff has provided this Court with no factual basis to conclude that he has a substantial likelihood of success in this action nor has he provided this Court with any basis, outside conclusory assertions, for determining that he suffers from any irreparable injury necessitation preliminary injunctive relief.

---

[1] This statement is incomprehensible. The plaintiff's first claim for relief is directly related to his claim for injunctive relief.

*Response*, p. 3.

I cannot fashion the defendants' arguments for them. Nor can I reach a determination on the merits of the Motion without substantive input from the defendants. Accordingly,

IT IS ORDERED that the Response is STRICKEN.

IT IS FURTHER ORDERED that on or before **December 6, 2005**, the defendants shall submit a response that properly addresses the merits of the plaintiff's Motion for Temporary Restraining Order and a Preliminary Injunction.

Dated November 22, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge