IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-00138-WYD-BNB

SIREINO JOE MARTINEZ,

Plaintiff,

v.

JOE ORTIZ, Executive Director, Colorado Department of Corrections,
GARY GOLDER, Warden, Sterling Correctional Facility,
MARY COX, (Major) Religious Programs Coordinator, Sterling Correctional Facility,
FRANK SIPES, Lieutenant (security officer), Sterling Correctional Facility,
MARY DISCHNER, Lieutenant (Security Officer), Sterling Correctional Facility,
SUE GRISENTI, (CIPS), Colorado Inmate Phone System Coordinator, and
CONNIE WILLYARD, (CIPS) Colorado Inmate Phone System Operator,

Defendants.
_____

**ORDER**
_____

This matter is before me on the plaintiff's **Motion to Compel Discovery** (the "Motion"), filed October 21, 2005. The Motion requests that the defendants be compelled to produce documents and that the defendants be sanctioned for their failure to properly respond to the plaintiff's document requests. The Motion is DENIED.

The plaintiff filed his Complaint on February 2, 2005. The Complaint asserts three claims. Claims One and Two are based on the defendants' alleged denial of the plaintiff's right to practice his Native American religion. Specifically, Claims One and Two allege that the defendants violated the plaintiff's constitutional rights by (1) removing the plaintiff's spiritual advisor from his phone list; (2) appointing untrained officials to supervise the Native Americans' religious acts; (3) failing to designate an area for praying and smudging; (4) refusing to allow the plaintiff to

leave a food offering at the sacred mound after Sweatlodge ceremonies; (5) selling medicine bags at the canteen; (6) visually inspecting medicine bags; (7) refusing to allow the plaintiff to purchase sacred herbs from a private vendor; (8) providing unnatural water for Sweatlodge ceremonies; (9) strip-searching the plaintiff after Sweatlodge ceremonies;

(10) allowing inmates to declare themselves as Native Americans without documentation of their ethnicity; and (11) allowing all inmates who declare themselves as Native Americans to attend Sweatlodge ceremonies.  Claim Three is based on a prison policy which allegedly allows sexual predators and child molesters in the prison's visiting area.

The plaintiff seeks to compel documents he requested from the defendants on August 18, 2005.  The plaintiff states that the following documents were requested but not produced: (1) the names of all Native American Sweatlodge participants from 2003 to 2005; (2) the names of all Sacred Pipe Holders/Carriers from 2003 to 2005; (3) the names of all Native American Sweatlodge representatives from 2003 to 2004; (4) the names and documents of all inmates that have changed their faith from 2003 to 2005; and (5) any and all documents or administrative regulations pertaining to the Colorado Inmate Phone System from 2003 to 2005.

The defendants objected to the requests on several grounds overbreadth, relevancy, and undue burden.  The plaintiff claims that the documents are relevant, as follows:

> The above mentioned documents requested by the plaintiff are relevant to the claims in his Complaint.  The documents and information is relevant and directly support the allegations the plaintiff is trying to prove and is also relevant because it may lead to other relevant information, and it is a great possibility that it will lead the plaintiff to admissible evidence that he can present at trial.

*Motion*, p. 4.

The plaintiff's conclusory statements fail to establish that the discovery he seeks is relevant to his claims. Moreover, his requests are overbroad and unduly burdensome.

IT IS ORDERED that the Motion is DENIED.

Dated November 22, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge