IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-00138-WYD-BNB

SIREINO JOE MARTINEZ,

Plaintiff,

v.

JOE ORTIZ, Executive Director, Colorado Department of Corrections,
GARY GOLDER, Warden, Sterling Correctional Facility,
MARY COX, (Major) Religious Programs Coordinator, Sterling Correctional Facility,
FRANK SIPES, Lieutenant (security officer), Sterling Correctional Facility,
MARY DISCHNER, Lieutenant (Security Officer), Sterling Correctional Facility,
SUE GRISENTI, (CIPS), Colorado Inmate Phone System Coordinator, and
CONNIE WILLYARD, (CIPS) Colorado Inmate Phone System Operator,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the plaintiff's **Motion Amending Complaint Pursuant to Deadline Date of July 5, 2005** (the "Motion"), filed July 1, 2005. For the following reasons, I respectfully RECOMMEND that the Motion be DENIED.

The Federal Rules of Civil Procedure provide that a party may amend a pleading by leave of court, and that leave shall be given freely when justice so requires. Fed. R. Civ. P. 15(a). A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962).

The plaintiff seeks to amend his Complaint to add Officer Anthony DeCesaro as a defendant on the basis that Officer DeCesaro denied the plaintiff's Step III grievances. The text of the proposed amended complaint does not contain any allegations against Officer DeCesaro. The proposed amended complaint addresses Officer DeCesaro only under the section entitled "Parties (Participation)." The allegations against Officer DeCesaro are as follows:

> Defendant Anthony A. DeCesaro (Step III Grievance Officer) is employed [sic] by the Colorado Department of Corrections and is responsible for the investigation of all Step III grievances filed by inmates and is required to answer all grievances in the alloted [sic] time implemented in the grievance procedures approved by the Executive Director (Joe Ortiz) of the Colorado Department of Corrections, the Step III Grievance Officer, Anthony A. DeCesaro has "denied" every Step III grievance filed implemented in this Complaint, he is being sued in his individual and official capacities.

*Proposed Amended Complaint*, sixth and seventh consecutive pages.

An individual cannot be held liable in a section 1983 action unless he caused or participated in an alleged constitutional violation. McKee v. Heggy, 703 F.2d 479, 483 (10th Cir. 1983). Respondeat superior is not within the purview of section 1983 liability. Id. In order for a supervisor to be liable under section 1983, there must exist a causal connection or an affirmative link "between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." Butler v. City of Norman, 992 F.2d 1053, 1055 (10thCir. 1993); see also Rizzo v. Goode, 423 U.S. 362, 371 (1976). Without a showing of direct responsibility for the alleged violations, liability will not be imposed on a supervisory official. Id.

The proposed amended complaint merely alleges that Officer DeCesaro denied the plaintiff's Step III grievances. The plaintiff does not allege that Officer DeCesaro in any way caused or participated in the denial of his religious rights. Officer DeCesaro cannot be held liable for an alleged constitutional violation for which he was not directly responsible. Allowing the plaintiff to amend the Complaint to add Officer DeCesaro would be futile.

Moreover, the proposed amended complaint fails to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." Blazer v. Black, 196 F.2d 139, 144 (10th Cir. 1952). The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." TV Communications Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992). The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix and disorganized pleadings violate the requirements of Rule 8.

The proposed amended complaint brings three claims. Claims One and Two allege numerous wrongful actions by the defendants. However, Claims One and Two do not identify the plaintiff's causes of action. Instead, the section entitled "Nature of the Case" states the following:

> The civil rights violations concerning myself are deprivation of
> Native American Religious rights, freedom of religion, due process,
> equal protection, discrimination and unreasonable strip searches
> pursuant to the First, Fourth, Eigth [sic] and Fourteenth
> Amendments of the U.S. Constitution.

*Proposed Amended Complaint*, eleventh consecutive page. The plaintiff lists as his jurisdictional bases (1) 28 U.S.C. § 1343 and 42 U.S.C. § 1983; (2) 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971); (3) C.R.S. § 17-42-101; (4) C.R.S. § 17-42-102; (5) 42 U.S.C. § 2000(bb); (6) 42 U.S.C. § 2000(cc); and (7) the Eagle Feather Law. Id. at eleventh and twelfth consecutive pages.

It is unclear whether the plaintiff is attempting to bring Claims One and Two under specific constitutional provisions, under federal and/or state statutes, or under the entire laundry list of authorities listed in both the "Nature of the Case" and "Jurisdiction" sections of the proposed amended complaint.

Although I must liberally construe the pleadings of the *pro se* plaintiff, Haines v. Kerner, 104 U.S. 519, 520-21 (1972), I cannot act as his advocate. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, the plaintiff must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Id. The plaintiff's proposed amended complaint is prolix and confusing, and it fails to comply with Rule 8.

I respectfully RECOMMEND that the Motion Amending Complaint Pursuant to Deadline Date of July 5, 2005 be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo*

review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated November 22, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge