IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-00138-WYD-BNB

SIREINO JOE MARTINEZ,

      Plaintiff,

v.

JOE ORTIZ, Executive Director, Colorado Department of Corrections;
GARY GOLDER, Warden, Sterling Correctional Facility;
MARY COX, (Major), Religious Programs Coordinator, Sterling Correctional Facility;
FRANK SIPES, Lieutenant (Security Officer), Sterling Correctional Facility;
MARY DISCHNER, Lieutenant (Security Officer), Sterling Correctional Facility;
SUE GRISENTI, (CIPS), Colorado Inmate Phone System Operator;
CONNIE WILLYARD, (CIPS) Colorado Inmate Phone System Operator;
      all sued in their individual and official capacities,

      Defendants.

---

**ORDER AFFIRMING AND ADOPTING
UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION**
_____

**I. Introduction**

This matter is before the Court on the Motion for Summary Judgment with

Supporting Authority from Defendants [# 40], which was filed on November 4, 2005.

The matter was referred to Magistrate Judge Boland for a recommendation by Order of

Reference dated March 7, 2005.  Magistrate Judge Boland issued a  Recommendation

on May 26, 2006, which is incorporated herein by reference.  *See* 28 U.S.C. §

636(b)(1), FED. R. CIV. P. 72(b), D.C.COLO.LCivR. 72.1.  Magistrate Judge Boland

recommends therein that Defendants' Motion be granted to the extent it seeks summary

judgment in favor of Defendants in their individual capacities and in their official

capacities for money damages and that it be denied to the extent it seeks summary judgment in favor of Defendants in their official capacities for prospective injunctive relief. *See* Recommendation at 11.

## II.    Background

Plaintiff filed his Prisoner Complaint on January 26, 2005.  Plaintiff asserts that he is a Native American Indian, and at all times pertinent to the allegations of the Complaint, he was incarcerated by the Colorado Department of Corrections ("DOC") at the Sterling Correctional Facility.  Plaintiff alleges that Defendants have violated his constitutional rights based on the application of DOC Administrative Regulations 80001 and 90001 to the plaintiff's religious practices—specifically Defendants' actions requiring that Sweatlodge and Pipe Ceremonies must have a minimum of five participants; placing limitations on the plaintiff's contact with spiritual advisors; permitting inexperienced staff to monitor Sweatlodge and Pipe Ceremonies; not allowing an area for smudging and prayer during weekdays; not allowing food offerings; permitting inspection of medicine bags; prohibiting the purchase of herbs; and requiring strip searches after every Sweatlodge Ceremony.  Plaintiff is suing Defendants in their individual and official capacities, and he seeks declaratory and injunctive relief as well as compensatory and punitive damages.

## III.  ANALYSIS

In his Recommendation, Magistrate Judge Boland first found that Defendants' Motion should be granted to the extent it seeks summary judgment in favor of Defendants in their individual capacities on the basis of qualified immunity.  Magistrate

Judge Boland properly laid out the law on this issue, which is as follows:

> When a defendant raises the issue of qualified immunity, the plaintiff must satisfy a two-part test. First, the plaintiff must demonstrate that the defendant's actions violated a constitutional or statutory right. Second, the plaintiff must show that the constitutional or statutory right the defendant allegedly violated was clearly established at the time of the conduct at issue. A right is clearly established only if there is a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts has found the law to be as the plaintiff maintains. Only if the plaintiff establishes both elements of the test does the defendant bear the traditional burden of showing that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law.

*Scull v. New Mexico*, 236 F.3d 588, 595 (10th Cir. 2000)(internal quotations and citations omitted). Magistrate Judge Boland looked to the laws cited by Plaintiff—the First Amendment, the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), *Cruz v. Beto*, 405 U.S. 319 (1972), and COLO. REV. STAT. §§ 17-42-101 & 102—and found that "[a]lthough these authorities broadly mandate the protection of an inmate's right to free exercise of religion, they do not address the specific violations alleged by the plaintiff concerning the number of participants and the nature of the supervision of Sweatlodge and Pipe Ceremonies; access to spiritual advisors; smudging and weekday prayer; food offerings; inspection of medicine bags; purchasing herbs; strip searches after Sweatlodge Ceremonies; and the like." Recommendation at 7–8. Ultimately, Magistrate Judge Boland found that the authorities relied upon by Plaintiff "do not demonstrate that the rights alleged here were clearly established at the time of the defendants' conduct" *(id.* at 8) and that summary judgment in favor of Defendants in their individual capacities on the basis of qualified

immunity was appropriate.  *Id.*

Magistrate Judge Boland next addressed the claims asserted against Defendants in their official capacities.  He stated, "The Eleventh Amendment bars the Court from hearing the plaintiff's section 1983 claims for money damages against the defendants in their official capacities.  *Pennhurst [State School & Hosp. v. Halderman]*, 465 U.S. at 106.  The Eleventh Amendment does not bar claims for prospective injunctive relief in order to end a continuing violation of federal law.  *Ex parte Young*, 209 U.S. 123 (1908)."  Recommendation at 9.  Plaintiff is seeking both money damages and prospective injunctive relief.  As to the latter, his Complaint requests the following:

> Issue a Declaratory Judgement and Injunction ordering the defendants to STOP all violations of Native American Religious Rights, correct and consult the Lakota Tribe and Chief on the Traditional Way of Life and culture pertaining to the Sweatlodges and Pipe Ceremonies in the Colorado Prison Setting / and or remove all Sweatlodges/ Pipes (Sacred) from them. (Colorado Prisons).

Complaint at 30th Consecutive Page.  Based on Eleventh Amendment law, Magistrate Judge Boland recommended that Defendants' Motion be granted to the extent it seeks summary judgment in favor of Defendants in their official capacities for money damages and denied to the extent it seeks summary judgment in favor of Defendants in their official capacities for prospective injunctive relief.  Recommendation at 10.

Finally, Magistrate Judge Boland addressed Defendants' assertion that Plaintiff's claims for damages must be dismissed because Plaintiff has not alleged physical injury as required by the Prison Litigation Reform Act ("PLRA").  Because Magistrate Judge Boland recommended that only Plaintiff's claim for prospective injunctive relief should

remain after the Eleventh Amendment analysis, he found that the request for dismissal of damages under the PLRA was moot.  Recommendation at 11.

Both Plaintiff and Defendants filed timely objections to the Recommendation, which necessitate a *de novo* determination as to those specified proposed findings or recommendations to which objection is made because the nature of the matter is dispositive.  FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1).  Before considering the parties' objections, I note that neither party objects to Magistrate Judge Boland's recommendation on the issue of qualified immunity.  Though not required to do so, I review this portion of the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1]  See Fed. R. Civ. P. 72(b) Advisory Committee Notes. Having reviewed this portion of the Recommendation, which I laid out above, I am satisfied that there is no clear error on the face of the record on this issue and agree with Magistrate Judge Boland that summary judgment should be granted in favor of Defendants in their individual capacities on the basis of qualified immunity.  I now address the parties' objections in turn.

### A.    Plaintiff's Objections

Plaintiff filed his Objection to Magistrate Judge's Recommendation [# 69] on June 12, 2006.  His objection focuses solely on whether his claim for damages is viable, specifically whether he has alleged physical injury as required by the Prisoner Litigation Reform Act ("PLRA").  Allegation of physical injury is required for recovery of

---

[1]  Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

compensatory damages under the PLRA.  *See* 42 U.S.C. § 1997e(e).  Plaintiff quotes

language from cases dealing with preliminary injunctions that state that loss of First

Amendment freedoms constitutes irreparable injury.  *See* Pl.'s Obj. at 2.  While this may

be true, Magistrate Judge Boland's Recommendation did not actually address the issue

of physical injury, finding that this issue was moot in light of his ruling that a claim for

money damages could not stand against Defendants.  Because Magistrate Judge

Boland did not issue a recommendation regarding whether Plaintiff alleged physical

injury, I find that Plaintiff's objections are without merit.

### B.   Defendants' Objections

Defendants filed Objection to Recommendation of United States Magistrate

Judge from Defendants [# 71] on June 19, 2006.  Defendants first note that they agree

with Magistrate Judge Boland's recommendation regarding dismissal of all claims

against Defendants in their individual capacities and the dismissal of any money

damage claim against Defendants in their official capacities.  *See* Objection to

Recommendation of United States Magistrate Judge from Defendants [hereinafter

Defs.' Objections] at 1-2.  Defendants, however, object to "the denial of the Motion to

the extent it sought summary judgment in favor of Defendants in their official capacity

for any prospective injunctive relief."  *Id.* at 2.  While Defendants may prefer that all

claims against them be dismissed at this time, they failed to argue such in their Motion

for Summary Judgment and cannot expect the Court to consider arguments raised for

the first time in their Objection.

In their Summary Judgment Motion, Defendants first argued that the individual

Defendants were entitled to qualified immunity and then posited that Plaintiff's claim for damages must be dismissed under the PLRA.  In their Reply, they asserted that "Defendants in their official capacities as state officials of the Colorado Department of Corrections are not 'persons' within the meaning of 42 U.S.C. § 1983 as a matter of law."  Reply in Supp. of Mot. for Summ. J. with Supporting Authority from Defs. at 4. Magistrate Judge Boland addressed these specific arguments in his recommendation. The entirety of Defendants' Objection, however, is devoted to the analysis that Defendants believe should have been conducted regarding Plaintiff's claim for injunctive relief.  While Defendants ultimately request that *all* of Plaintiff's claims be dismissed, they did not address Plaintiff's claim for prospective injunctive relief in their Motion or Reply.  Consequently, I will not consider this argument, which is raised for the first time in Defendants' Objection.

## IV.    CONCLUSION

For the reasons stated above, it is

ORDERED that the Recommendation of United States Magistrate Judge of May 26, 2006, is **AFFIRMED AND ADOPTED**.  In accordance therewith, it is

ORDERED that the Motion for Summary Judgment with Supporting Authority from Defendants is **GRANTED IN PART AND DENIED IN PART**.  Specifically, Defendants' Motion is granted to the extent it seeks summary judgment in favor of Defendants in their individual capacities and in their official capacities for money damages.  It is denied to the extent it seeks summary judgment in favor of Defendants in their official capacities for prospective injunctive relief.

-7-

Dated:  July 31, 2006

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge